COOK *vs.* PARKARSON.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF
ST. MARY, THE JUDGE OF THE DISTRICT PRESIDING.

Parole evidence cannot be received to show that certain improvements, for which the note sued on was given, had not been made, as expressed in a deed or act of retransfer of certain property from the plaintiff to the defendant.

So, where an act of retransfer of property expressly states, that the sum of five hundred dollars was to be paid in consideration of the rescission of the sale, no parole evidence can be received to contradict it, or show that this consideration did not exist.

This is a suit on a promissory note. The defendant avers that there was no consideration given therefor; it being executed through error, on a transaction between him and the plaintiff, relative to a sugar plantation, which was retransferred to him, on his giving this note for the supposed improvements which had been put on it by the plaintiff after he purchased; but which in fact had not been done.

On the trial, the defendant offered parole evidence, to show that in fact the pretended improvements had not been made. To this evidence the plaintiff objected, on the ground that it was contradicting the consideration, as admitted by the defendant in the act of sale, making the retransfer. That the evidence was not competent, as it only went to establish error or lesion. The objection was sustained, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant, after an unsuccessful attempt to obtain a new trial, appealed.

*Maskell,* for plaintiff.

*Fisher,* contra.

COOK
vs.
PARKARSON.

*Morphy, J.*, delivered the opinion of the court.

This is an action on a promissory note. The defendant pleads error, and want of consideration ; he avers, that having sold a plantation and slaves to B. C. Cook, brother of the plaintiff, he agreed some time after to take back his property and annul the sale. That in consideration of certain improvements represented to have been made on the premises, he agreed to give his note for five hundred dollars, which through error he made payable to the present plaintiff, and that moreover the improvements he had consented to pay for, have never been made. The plaintiff obtained a verdict, and after attempting to set it aside, from judgment thereon, the defendant appealed.

*Parole evidence cannot be received to show that certain improvements, for which the note sued on was given, had not been made, as expressed in a deed or act of retransfer of certain property from the plaintiff to the defendant.*

*So, where an act of retransfer of property expressly states that the sum of five hundred dollars was to be paid in consideration of the rescission of the sale, no parole evidence can be received to contradict it, or show that this consideration did not exist.*

On the trial, the defendant took a bill of exceptions to the opinion of the judge, rejecting testimony to prove that it was owing to plaintiffs assurances that improvements had been made on his land, that he had been induced to give his note, when in fact no improvements had ever existed. We think the judge did not err ; the written agreement, by which the defendant took back his plantation, mentions, expressly, that the five hundred dollars were to be paid in consideration of the rescission of the sale. No parole evidence could be received to prove against, or beyond, what was mentioned in the notarial deed of compromise; *Louisiana Code, article 2256.* As to the error complained of, the testimony of B. C. Cook, introduced by defendant himself, establishes that it was not through error, but by express agreement, that the note was made to the order of plaintiff, who was the real purchaser of the land; although his (witnesses) name had been used in the deed of sale. The appellee has prayed for damages for the frivolous appeal, but considering all the circumstances of this case, we do not think it a proper one to allow damages.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.